UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND CLAUDIO,

    Plaintiff,

v.                                Case No. 3:24-cv-589-MMH-PDB

H.D. GATOR DELOACH, et al.,

    Defendants.

## ORDER

Plaintiff Raymond Claudio, an inmate of the Florida Department of Corrections (FDC), initiated this action on June 5, 2024, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Claudio names as Defendants: (1) Sheriff H.D. Gator DeLoach; (2) Deputy Sheriff Breckenridge; (3) mailroom clerk John or Jane Doe; (4) FDC Secretary Dixon; (5) Warden John Doe; and (6) P. Thompkins. Complaint at 2–3. Some of the Defendants are associated with Putnam County (i.e., Sherriff DeLoach, Deputy Breckenridge, and mailroom clerk Doe); the remaining Defendants are associated with the FDC (i.e., Secretary Dixon, Thompkins, Warden Doe). Id. Claudio's allegations in the Complaint are far from clear. However, from what the Court can discern, he alleges Defendants violated the First Amendment based on three separate incidents. See generally id.

First, Claudio asserts that in his appeal of an order denying habeas corpus relief, the Eleventh Circuit Court of Appeals mailed "legal correspondence [] in regards to an in forma pauperis [that] needed to be filed so that a Notice of Appeal could be processed in that court." Id. at 8. According to Claudio, the FDC received the correspondence on March 26, 2024, and forwarded it to the Putnam County Jail, where Claudio was housed at that time for a state court hearing. Id. at 7. Claudio alleges Deputy Breckenridge and mailroom clerk Doe failed to deliver the mail until April 5, 2024, even though Putnam County Jail received the correspondence on March 28, 2024. Id. at 8. Claudio does not assert that the delay impacted his appeal. See id. at 7–8.

Claudio's allegations as to the second incident stem from his ongoing postconviction proceedings in four state court cases.[1] Claudio asserts that he filed motions for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in those cases, id. at 4, and the state court issued a "show cause order,"[2] id. at 5. According to Claudio, he "was able to obtain some

---

[1] See State v. Claudio, Nos. 2022-CF-1166, 2022-CF-1179, 2022-CF-1229, 2022-CF-1236 (Fla. 7th Cir. Ct.).

[2] Given the context in which Claudio uses this term throughout the Complaint, it appears he refers to an order directing the State Attorney to file a response to his Rule 3.850 motions. See Fla. R. Crim. P. 3.850(f)(6).

2

evidentiary material to support constitutional issues and attempted to amend his 3.850 motion on [sic] case number CF221166," but the state court struck it as unauthorized. Id. at 6; see also Fla. R. Crim. P. 3.850(e) (providing a motion may be amended at any time prior to the entry of an order directing the state to respond). Claudio blames his inability to file an amended Rule 3.850 motion on an alleged Putnam County Jail policy that "all mail regardless if it is legal or not is returned to sender at the time of delivery [if] the prisoner is not there." Id. at 5. He contends that he did not receive the order to respond because the state court sent it to the Putnam County Jail after he was transported to FDC custody. Id. Claudio alleges mail clerk Doe, in "bad faith," returned the mail to the state court as unable to forward. Id.

Finally, Claudio asserts that on October 17, 2023, the Putnam County Clerk of Court forwarded a "legal letter" regarding Claudio's state court cases to the FDC. Id. at 8. He maintains Thompkins rejected the letter because it appeared to contain "certain unknown or unidentifiable substances." Id. This occurred again on December 13, 2023. Id. at 9. According to Claudio, "[t]he detection of an unknown substance by the mailroom scanner is not an isolated incident and happens all the time." Id. He contends "Defendant Warden Doe was aware of the deficiencies in the mailroom scanner," and Secretary Dixon

3

implemented a policy that allowed Warden Doe to use a deficient mailroom scanner. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[3] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

---

[3] Claudio requests to proceed as a pauper. See Motion (Doc. 2).

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[4] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

6

Case 3:24-cv-00589-MMH-PDB   Document 4   Filed 09/12/24   Page 7 of 14 PageID 35

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Claudio's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc.

7

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

  Claudio's Complaint is due to be dismissed pursuant to the Court's screening obligation. First, the factual allegations in the Complaint are rambling and oftentimes difficult to understand. Claudio presents no distinct claims for relief, but for a single citation to the First Amendment. While pro se pleadings must be liberally read, the Court will not comb through Claudio's narrative to construct a viable complaint for him. Insofar as the Court can discern any claims for relief in the Complaint, they are improperly joined. Claudio's claims do not arise from the same basic issue or incident, and they do not involve the same Defendants. As such, they belong in separate lawsuits. See Fed. R. Civ. P. 20(a)(2)(A)–(B).

  Even so, Claudio does not state a plausible claim upon which relief can be granted. Liberally construing his allegations, Claudio asserts Deputy Breckenridge and mailroom clerk Doe frustrated his access to courts when they delayed the delivery of legal mail regarding his federal appeal; the Putnam County Jail's mail policy of not forwarding mail frustrated his access to courts in his postconviction proceedings; and the FDC Defendants violated his right

8

to free speech because of a deficient mailroom scanner. The Court first addresses Claudio's access to courts claims.

It is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977), abrogated on other grounds by, Lewis v. Casey, 518 U.S. 343 (1996). To state a claim for denial of access to the courts, a plaintiff must allege an actual injury. Lewis, 518 U.S. at 349–50; Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous,' 'arguable' underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010) (quotation marks and citation omitted). Additionally, a plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a

9

collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 355.

      Here, Claudio fails to assert that Defendants' conduct resulted in an "actual injury," as defined by the Eleventh Circuit. As to his federal appeal, Claudio alleges Defendants delayed the delivery of a notice "that his filing was deficient for failing to file an IFP and a transcript order form on appeal." Complaint at 8. However, Claudio does not allege that the delay prevented him from rectifying those deficiencies or resulted in the dismissal of his appeal. And Claudio wholly fails to describe the specific claims that he intended to pursue in the appeal, so the Court is unable to apply the "nonfrivolous test." As such, Claudio has not provided sufficient facts to suggest that the Defendants' conduct frustrated or impeded his ability to pursue nonfrivolous claims in connection with his federal appeal.

      Although Claudio provides slightly more detail about his state court proceedings, he also fails to plausibly allege an actual injury. In the Complaint, Claudio states that Defendants' interference with his legal mail prevented him from amending his Rule 3.850 motion in case number 2022-CF-1166. See Complaint at 5–7. However, he neither details the underlying claims in his Rule 3.850 proceedings, nor describes the proposed amendment that the state

10

court struck. As such, Claudio fails to identify a nonfrivolous, arguable underlying claim. Moreover, a review of the state court dockets reflect that the alleged delays have not impeded his ability to litigate.[5] Claudio has submitted numerous filings in his Rule 3.850 proceedings. See State v. Claudio, Nos. 2022-CF-1166, 2022-CF-1179, 2022-CF-1229, 2022-CF-1236 (Fla. 7th Cir. Ct.). And the state court has scheduled an evidentiary hearing in all four of his cases.[6] See Claudio, 2022-CF-1166, Doc. 169. Based on the above, Claudio fails to state a violation of his right to access to courts claim.

As to Claudio's free speech claim, interference with an inmate's incoming or outgoing mail may implicate an inmate's right to freedom of speech. See Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." Id. (citation omitted). "While a prisoner has a right to be present

---

[5] The Court takes judicial notice of Claudio's state court dockets. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (finding district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action). For ease of reference, where a document appears in all four cases, the Court will refer only to the document number as assigned in State v. Claudio, No. 2022-CF-1166.

[6] Notably, in Claudio's pending state court cases, the circuit judge responded to a petition for writ of mandamus by noting "[t]he Defendant abuses the process by filing multiple amended 3.850's [sic] which creates chaos in all of his cases." Claudio, No. 2022-CF-1166, Doc. 166. The court also noted that the stricken Rule 3.850 motion had "basically the same grounds as the July Amended Motion but with more attachments." Id.

when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Instead, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotations and citations omitted). Here, Claudio does not provide more than conclusory statements that would tend to suggest there was a regular and unjustified interference with his legal mail. With regards to the mailroom scanner, he merely alleges the scanner alerted to contraband on two occasions, resulting in Thompkins returning Claudio's legal mail to the state court. He does not assert that Thompkins, or any prison official, opened his legal mail outside of his presence or read his mail. Nor does he assert that the officers intentionally or wrongfully deprived him of his mail. Claudio's alleged facts do not suggest a regular and unjustified interference with incoming legal mail. As such, Claudio has failed to state a claim for relief.

Lastly, it appears that Claudio's Complaint is a thinly veiled attempt to circumvent the Court's prior orders and to obtain a favorable ruling in his state court cases. Since initiating his postconviction proceedings in state court, Claudio has filed seven federal habeas corpus cases. See Case Nos. 3:23-cv-1389-TJC-LLL; 3:23-cv-1400-HES-LLL; 3:23-cv-1460-BJD-MCR; 3:23-cv-

12

1461-HLA-JBT; 3:24-cv-281-TJC-SJH; 3:24-cv-622-BJD-PDB; 3:-24-cv-686-WWB-LLL. The assigned judges dismissed five of those cases as premature. See Case Nos. 3:23-cv-1389-TJC-LLL; 3:23-cv-1400-HES-LLL; 3:23-cv-1460-BJD-MCR; 3:23-cv-1461-HLA-JBT; 3:24-cv-281-TJC-SJH. Claudio now brings the same complaints before the Court under the guise of the First Amendment.[7] However, the Court will not interfere in his state court proceedings. If Claudio disagrees with the state court's rulings, he may move for rehearing in state court or request relief in the state appellate court.

---

[7] Indeed, in one of his federal habeas corpus cases, Claudio alleged "the state court failed to send him copies of pertinent orders (of recusal and to show cause), which prevented him from timely challenging those orders; . . . improperly struck his second amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on October 11, 2023; . . . and denied him the 'right to amend his [Rule] 3.850 [motion].'" See Case No. 3:23-cv-1460-BJD-MCR, Doc. 4 at 2.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of September, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/5
c:   Raymond Claudio, #928932

14